IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| United States of America | ) | Cr. No. 7:10-145-HMH |
| | ) | |
| v. | ) | |
| | ) | **OPINION & ORDER** |
| Terry Glenn Lanford, | ) | |
| | ) | |
| Movant. | ) | |

This matter is before the court on Terry Glenn Lanford's ("Lanford") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons that follow, the court dismisses Lanford's § 2255 motion.

I. FACTUAL AND PROCEDURAL BACKGROUND

On April 18, 2011, Lanford pled guilty pursuant to a plea agreement to one count of conspiracy to possess with intent to distribute methamphetamine and cocaine. Lanford was sentenced to fifty months' imprisonment on August 24, 2011. Lanford appealed and the Fourth Circuit dismissed the appeal because Lanford had waived his rights to a direct appeal on May 2, 2011. United States v. Lanford, No. 11-5066 (4th Cir. Aug. 1, 2012) (unpublished). Lanford filed the instant § 2255 motion on December 11, 2012, alleging various claims of ineffective assistance of counsel.

II. DISCUSSION OF THE LAW

**A. Ineffective Assistance of Counsel**

To successfully challenge a conviction or sentence on the basis of ineffective assistance of counsel, Lanford must demonstrate that his counsel's performance fell below an objective

standard of reasonableness, and that he was prejudiced by his counsel's deficient performance. See Strickland v. Washington, 466 U.S. 668, 687 (1984). With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. With respect to the second prong, one must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

Lanford alleges that his counsel was constitutionally ineffective for failing to review the Presentence Investigation Report ("PSR") with him prior to sentencing. (Lanford § 2255 Mot. at 5, ECF No. 227.) This claim is wholly without merit. At sentencing, the following discussion occurred:

> THE COURT: Mr. Lanford, are you ready for sentencing at this time?
> THE DEFENDANT: Yes.
> THE COURT: And have you had enough time to discuss this matter with your attorney?
> THE DEFENDANT: Yes.
> THE COURT: Are you satisfied thus far with the representation of your attorney?
> THE DEFENDANT: Yes.
> THE COURT: Have you and your attorney thoroughly reviewed the Presentence Report?
> THE DEFENDANT: Yes.
> THE COURT: Are there any objections to anything in the report?
> MR. GASSER: No, sir, Your Honor.
> THE COURT: And, Mr. Lanford, do you have any objections to anything in the Presentence Report?
> THE DEFENDANT: No, sir.

(Sentencing Tr. at 2-3, ECF No. 198.) Based on the foregoing, this claim is baseless.

In addition, Lanford alleges that his counsel was ineffective for failing to object to the "PSR's recitation of the confidential informant's information and how it conflicted with the Petitioner's recollection of his dealings with the confidential informant." (Lanford § 2255 Mot. at 6, ECF No. 227.) Further, Lanford alleges that his counsel was ineffective for failing to

2

"clarify the Petitioner's position regarding the drug deals, or lack thereof, he engaged in with the confidential informant, nor did defense counsel clarify the Petitioner's position regarding how much money he received from the confidential informant as a part of this drug deal." (Id. at 7, ECF No. 227.) The PSR outlines the information provided by the confidential informant and the information Lanford provided to the Drug Enforcement Agency ("DEA") when he was interviewed. (PSR ¶¶ 10, 17.) Moreover, the court and Lanford had a lengthy exchange, while Lanford was under oath,[1] regarding the amount he was paid for the drugs at issue, whether he purchased "eightballs" from the confidential informant, and his disagreements with the information provided by the confidential informant. (Sentencing Tr. at 21-48, ECF No. 198.) During the discussion regarding the amount of money received for the drugs, Lanford's counsel represented to the court that Lanford "told the DEA, the CI only gave me $3,000 but he owed me another five because the CI was going to give me eight." (Id. at 42, ECF No. 198.) The statements by counsel are entirely consistent with the PSR's summary of the information Lanford provided to the DEA. Based on the foregoing, Lanford fails to show how his counsel was objectively unreasonable in failing to object to the PSR on this basis. Further, Lanford cannot show prejudice as the amounts paid for the drugs and Lanford's purchase of "eightballs" of cocaine were not utilized in calculating the sentencing guidelines.

---

[1] See e.g., United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005) ("[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements. Otherwise, a primary virtue of Rule 11 colloquies would be eliminated–permit[ting] quick disposition of baseless collateral attacks[.]") (internal quotation marks omitted).

Lastly, Lanford alleges that his counsel was ineffective "for failing to clarify the reasons for the Petitioner's continuance request[s]" in unrelated state court proceedings. (Lanford § 2255 Mot. at 9, ECF No. 227.) Lanford alleges that his counsel was ineffective for "failing to bring to the Court's attention that there were numerous reasons, unrelated to the Petitioner's health, as to why the Petitioner could not attend the state court proceedings in question." (Id.) The court asked Lanford:

> Did you ever in the past, when you your health was better and business was booming and you were traveling a lot and all that, prior to the last two years, fail to appear for any kind of court appearance alleging that you had medical problems? Any kind of magistrate court or anything in Spartanburg that you'd come up at the last minute and say you have health problems?

(Sentencing Tr. at 19, ECF No. 198.) Lanford responded that he had sought continuances after he had a stroke and was suffering from stress. (Id.) No further discussion occurred on the subject. The court did not consider this information in sentencing Lanford. Lanford fails to show how his counsel was objectively unreasonable for failing to clarify the reasons that he requested continuances in the unrelated state court cases. Further, Lanford cannot show prejudice given that this information was not considered in sentencing him. Based on the foregoing, Lanford's ineffective assistance of counsel claims are wholly without merit.

It is therefore

**ORDERED** that Lanford's § 2255 motion, docket number 227, is dismissed.  It is further

**ORDERED** that a certificate of appealability is denied because Lanford has failed to make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**


                                                                  s/Henry M. Herlong, Jr.
                                                                  Senior United States District Judge

Greenville, South Carolina
December 13, 2012

**NOTICE OF RIGHT TO APPEAL**

The Movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.